Williams v. United States is the next case for argument. Good morning, your honors. My name is Tom Patton. I'm here representing Corey Williams. This is an appeal from the district court's denial of Mr. Williams 2255 motion without holding a hearing. Mr. Williams's motion set forth very detailed claims of an involuntary guilty plea and ineffective assistance of counsel. There was nothing vague or conclusory about Mr. Williams's claims. And in fact, he supplied an email from the district judge to support his claim, that email saying that Mr. Williams would be a fool if he did not accept the draft plea agreement that had been presented to the judge. And the first time Mr. Williams saw the proposed plea agreement, he was not only shown the plea agreement, he was shown the email from the trial judge saying that he was a fool if he didn't accept the plea agreement. Mr. Patton, did you practice before Judge McCuskey? I had his very first federal hearing as a federal district judge and appeared in front of him almost every day for a couple of years. How often did he ask for information regarding plea agreements? After I had stopped appearing in front of him, he instituted a procedure for rule 11 C1C agreements. But after you stopped? It was after I stopped because when I was doing it, he still took his own pleas. He did not have the magistrate judge take his pleas. And I think the institution of that rule of where they wanted to see agreements given to him beforehand was kind of an outgrowth of when they switched over and started having Judge Bernthal do the plea colloquy. So I never personally was involved in that process. So you didn't have any chance to appoint out the statute that prohibits it? I did not at that time. And at that time, the U.S. Attorney's Office wasn't agreeing to very many C agreements. That was a change. Thank you. And in this case, the district judge erred in a couple of ways. Legally, she made the error of finding that to win on his claim that his guilty plea was involuntary, Mr. Williams had to establish that it would have been rational in the district court's mind for him to have gone to trial. And there's simply no case law that supports that at all. The test for whether or not a guilty plea is voluntary is whether it's a knowing, intelligent, voluntary decision in light of all of the factors. And while there is always some pressure inherent in a guilty plea, if the government's threatening to add more charges, just the simple fact of the guidelines and the existence of the acceptance of responsibility factor, in every case you're sitting down with a client and showing them the guidelines with acceptance of responsibility and without, there's always some coercion in that. And that is not improper. But it is improper for the district judge to inject themselves into the plea negotiation process. That's why Rule 11 exists. That's why the Crouse opinion from this court is very adamant that violations of Rule 11 can very rarely be harmless. And the remedy is you get a new judge. Now, I understand in the 2255 area that a simple Rule 11 violation in and of itself is not sufficient to show that your guilty plea, or excuse me, to show that your plea is invalid. But what you have here is the judge saying, well, you have to prove to me that it would have been rational for you to go to trial. And I think the evidence against you is overwhelming. Therefore, I don't think it would have been rational to go to trial. Therefore, your plea wasn't involuntary. And as I point out in our briefs, if you take that logic to its logical extremes. Let me tell you, counsel, the problem I have with your view is that if you take the position of just assuming that the defendant is a madman or doesn't pay any attention to costs and benefits, then the prejudice component in the Supreme Court standard has been abolished. Because every time there is a problem in the plea bargaining process or in the plea process, there will need to be some form of collateral relief because the defendant might have behaved irrationally. Well, Your Honor, that I think prejudice analysis would go to the ineffective assistance of counsel claim. Well, look, the Supreme Court says in Hill that you, in order to show ineffective assistance of counsel in these plea situations, you have to show not only that the lawyer didn't do what was necessary, but also that there was prejudice. Sure. In the sense that the person otherwise would have gone to trial. And your line of argument is since people behave irrationally, they might always have gone to trial, however foolish that would be. And that would, it seems to me, just abolish the prejudice component of Hill. If that were my argument, that would be true, Your Honor. But as we pointed out in the brief, I say, of course, a district court is never required to automatically accept when a defendant says, I would have gone to trial. That doesn't have to be the end of the analysis because obviously you're right and that reads the prejudice out of it. But if the judge is going to find the detailed allegations not credible, if she wants to make a credibility determination, she needs to have a hearing. And when you look at the other factors in this case, they back up what Mr. Williams is saying. The case had been around for over a year. And I think what really is very telling is usually the way these things go down is you have the bank robbery charge, two Hobbs Act robberies, but only one 924C. And then the hammer to get the guilty plea is if you don't plead guilty, we're going to supersede and add more 924C counts that carry mandatory consecutive 25 years. Now, I can't tell you that that's what happened in this case because we didn't have a hearing. And trial defense counsel chose not to speak to me when I tried to back up. But going forward now, does he understand that Hobbs Act robbery and federal bank robbery are now under 924C? Your Honor, it has been explained to him in detail that the sentence he's looking at if he's convicted is massive. And this is clear in his pleading, so I'm not telling you anything that's privileged. He very much thinks that the federal courts do not have jurisdiction, subject matter jurisdiction, over these charges because he was first charged in state court. That, of course, is wrong. And if Your Honors wanted to point that out in an opinion so that Mr. Williams would have that, something concrete to show him that that is not accurate, I would have no problem with that. Because I understand that me actually being successful in this case might not be the best thing for Mr. Williams in the long run. And I get that. And I've been doing this for a while, and there are some cases where it kills you because your client just is insisting on making it terrible. Well, you're not the person who had to go through that. Yeah, it's just bad. And to that extent, I have some sympathy for trial defense counsel. I don't mean to run him down. He's in a tough spot. He's trying to get a young kid to plead guilty to save a lot of time. But the bottom line is the trial judge just can't get involved in plea negotiations where you have the evidence that he's calling him a fool if he doesn't take the guilty plea. Then at a minimum, you're entitled to a hearing to discuss whether or not Mr. Williams really would have gone to trial. Because I think that's really the only question. Nobody is questioning that there was improper judicial involvement here and that that was coercive. The real question was, well, would he have gone to trial? And certainly, he doesn't have to prove that he's factually innocent to get relief on 2255, as argued in the government's brief. That is just not the standard. It's nowhere close to the standard. And I'll reserve the remainder of my time for rebuttal. Certainly, Mr. Patton. Mr. Baum. Thank you, Your Honor. May it please the Court. Jason Baum on behalf of the United States. We are not contending that the defendant needs to prove his actual innocence or prove that his decision was a rational one. It's the totality of the circumstances, however, that determine whether a decision was voluntary and intelligent. And the rationality of that decision is certainly a relevant consideration. And I'm not entirely sure what an evidentiary hearing would accomplish in this matter because it's not – there's no dispute about Judge McCuskey's email that it was given to – I assume that's not occurring now, is it? No. That procedure retired with Judge McCuskey. Did the government ever indicate that there was a violation, direct violation of that statute? Not to my knowledge, Your Honor. I don't recall if I ever had a C agreement with Judge McCuskey, and this was limited to the C agreements. And as Mr. Patton indicated, those are somewhat rare. But I'm not aware of – In any event, it's not – It's no longer a problem, but it certainly, as we concede in our brief, it could have objected to that procedure in and of itself. But there's no dispute about the email, that the email was given to Mr. Williams prior to his plea. Those are the detailed allegations that he lays out in his 2255, and there's no dispute about them, so I'm not entirely sure what an evidentiary hearing would develop any further than what we already have. What isn't detailed in any filing is why he would have made the decision to go to trial, given the evidence against him. And even in the reply brief on page 6, they say, if he would have pled guilty, absent the coercion, then this is a voluntary plea. And I don't think there's any allegation to suggest that he would have gone to trial, other than just his statement that I'm actually innocent. That's where the actual innocence came from, was his words, not our saying he needs to prove his actual innocence. So we think that you need to take the rationality of a decision into account. That's what the district court did, and we think that she made the appropriate determination that he would have pled guilty in any event. And while the judge's comments were inappropriate, that was not why he pled guilty. Unless there are any other questions, we'll rely on our brief. Thank you. Thank you. Anything further, Mr. Patton? Yes, Your Honor. Mr. Williams stated very plainly in his 2255 petition that the reason he pled guilty is because he did not feel that Judge McCuskey would give him a fair trial after he saw the email from Judge McCuskey saying only a fool would go to trial. And there is nothing irrational about a defendant coming to that conclusion. As lawyers, we can understand a judge saying, well, yeah, I think this guy's guilty, but whatever, I can do the case. But for a defendant, for any lay person, that's just not something that they're going to process. And the circumstances does show that as bad of a decision as it might have been, he was really intent on going to trial. As I pointed out before, the big hammer was the superseding indictment saying you don't plead, we're going to add these charges. He didn't fold. They added those charges to add 50 years of mandatory minimums, and he's still saying, I want a trial. I mean, they filed jury instructions. They filed witness lists. They filed exhibits lists. It was two weeks from the beginning of trial. He had hung tough, Mr. Williams, saying, no, I want a trial. Because I don't think, for whatever reason, he can have a trial whether he admits he's guilty or not. Even if he's given 10 statements to the police saying he's guilty, he can have a trial if he wants to. And he insisted on going to trial right up until the time his lawyer shows him this plea agreement with the email saying, from the judge, saying he's a fool if he doesn't plead guilty. And those are circumstances that back up Mr. Williams' sworn statement and what he filed with his 2255 motion, that with absent this judicial coercion, he would have went to trial. And it is true that defendants get to make bad decisions. That's just the respect we have for the individual is that the individual can make really bad decisions. And it's painful to watch. It's painful to participate in. But it is their right. Thank you. Thank you very much, Mr. Patton. Case is taken under advisement.